UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMBER PHELPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04744-SEB-MPB |
| | ) | |
| TEXAS ROADHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO DISMISS (DKT. 17)

On December 27, 2017, Plaintiff *pro se* sued Defendant, her employer, for

employment discrimination under Title VII and 42 U.S.C. § 1981. Dkt. 1. Now before the

Court is Defendant's motion to dismiss Plaintiff's complaint under Federal Rules of Civil

Procedure 37(b)(2) and 41(b). Dkt. 17. For the reasons below, the motion is granted in

part.

## Background

On April 25, 2018, Magistrate Judge Matthew P. Brookman held a telephonic

status conference at which Plaintiff did not appear. Dkt. 15. Judge Brookman issued an

order to Plaintiff to show cause within thirty days for the failure to appear and why her

complaint should not be dismissed without prejudice. Dkt. 16. Plaintiff did not respond.

On June 5, 2018, Defendants filed this motion to dismiss Plaintiff's complaint

with prejudice as a sanction for her failure to comply with Judge Brookman's orders, *see*

Fed. R. Civ. P. 37(b)(2), and for failure to litigate her lawsuit. *See* Fed. R. Civ. P. 41(b).

According to Defendant, in addition to her failures to appear for the status conference and

to comply with Judge Brookman's order to show cause, Plaintiff has also failed to comply with Judge Brookman's March 19, 2018, scheduling order by failing to provide a witness list by April 3, 2018; failing to provide documents in her possession relevant to her case by April 3, 2018; and failing to provide an estimate of her damages by April 3, 2018.

As of the date of this order, nothing has been heard from Plaintiff for more than three months. It has been almost six months since Plaintiff's last (and only) filing in this matter, the complaint.

## Analysis

As Chief Judge Magnus-Stinson recently explained in an analogous situation,

> Rule 37(b)(2) provides that the Court may issue a variety of sanctions for failure to "obey an order to provide or permit discovery," including "dismissing the action or proceeding in whole." Fed. R. Civ. P. 3(b)(2)(A). Rule 41(b) explains that "a defendant may move to dismiss the action or any claim against it" where a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

> The decision to dismiss a lawsuit . . . is committed to the sound discretion of the District Court. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 782 (7th Cir. 2016); *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012) (per curiam). Dismissal is . . . [a] drastic sanction, appropriate when "there is a clear record of delay or contumacious conduct," such as a pattern of failure[s] to comply with Court orders. *McInnis*, 697 F.3d at 664(quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011)). While the Court should "consider less severe sanctions before dismissing for failure to prosecute," there is no requirement of "progressive discipline" or "'warning shot[s]' in the form of less severe sanctions." *Id.* at 665 (collecting cases). Dismissal for lack of prosecution generally requires forewarning, which may be

> provided by an opposing party's motion to dismiss. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006).

*Baldwin v. Wittl*, No. 1:17-cv-823, 2018 WL 558538, at *2 (S.D. Ind. Jan. 25, 2018) (Magnus-Stinson, C.J.).

In *Baldwin*, the court dismissed plaintiff's complaint with prejudice after he "failed to comply with the Court's Order compelling discovery, failed to respond to three Motions to Dismiss, failed to appear for a telephonic status conference, and failed to respond to the Court's Order to Show Cause." *Id.* (docket citations omitted). Defendant argues that this case is "virtually indistinguishable" from *Baldwin*. Br. Supp. 3. That is not quite right: the pattern of noncompliance was somewhat clearer and more protracted there than it is here and, more importantly, the plaintiff in *Baldwin* was represented by counsel; Plaintiff here is not.

Nevertheless, even a *pro se* litigant must follow the rules and the Court's orders, *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *United States v. Funds in the Amount of $574,840*, 109 F. Supp. 3d 1043, 1047 (N.D. Ill. 2015), which Plaintiff has not. And a *pro se* litigant can be expected to meet a clearly stated deadline just as well as a represented litigant can. In his order to show cause, Judge Brookman warned Plaintiff that her failure to comply might result in dismissal of her complaint without prejudice. At this point in the case, we find Judge Brookman's to be the appropriate course.

Therefore, (1) Plaintiff's complaint will be dismissed without prejudice. That means that Plaintiff will only be able to continue her lawsuit if she files (a) a motion for permission to file a new or "amended" complaint and (b) an amended complaint.

(2) Plaintiff will have twenty-one days from the date of this order to make such filings, if she chooses to.

(3) If an amended complaint is filed, it should include the facts of what happened to Plaintiff at work that she thinks amount to discrimination. Her old complaint included no such facts.

(3) Should she file an amended complaint, Plaintiff must also file with it a motion for the Court's permission to do so. The motion must explain to the Court the reason(s) she has repeatedly failed to comply with its orders, including why she missed the April 25, 2018, status conference, why she has failed to comply with Judge Brookman's scheduling order requiring her to share certain information with Defendant, and why she failed to respond to Judge Brookman's order to show cause as well as the motion to dismiss.

(4) Plaintiff's failure to make the filings described above within twenty-one days (as well as future derelictions like those Defendant is complaining about now) will result in the dismissal of her complaint with prejudice, which will prevent her from continuing this lawsuit or filing a new complaint on the same grounds. Stated plainly, she will lose forever the right to sue Defendant for the discrimination she told the EEOC about. There will be no further notice to Plaintiff following this order.

## Conclusion and Order

For the reasons explained above:

Defendant's motion to dismiss is GRANTED IN PART and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

Plaintiff is allowed TWENTY-ONE DAYS from the date of this order to make any subsequent filings before her case is dismissed with prejudice.

IT IS SO ORDERED.

Date: _6/26/2018_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AMBER PHELPS
3547 Caroline Avenue
Indianapolis, IN 46218

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
bburgan@taftlaw.com

Erin Thornton Escoffery
TAFT STETTINIUS & HOLLISTER LLP
eescoffery@taftlaw.com